(No. 793—Claimant awarded $1938.20 with interest.)

CARRIE EISENSTAEDT, EXECUTRIX UNDER LAST WILL AND TESTAMENT OF LEOPOLD EISENSTAEDT, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 28, 1925.*

INHERITANCE TAX—*when refund made, Sec. 25.* Where it appears that an inheritance tax has been assessed and paid, and afterwards it is shown that the appraisers overlooked a codicil to the will and by a mistake the tax was assessed upon the basis of successions through certain clauses of the will instead of the codicil, and upon proper proceedings in the county court the tax was re-assessed, under Sec. 25, Inheritance Tax Law, and the tax reduced: *Held*—Claimant entitled to a refund of the difference between the amount of the tax paid and the amount found due upon the re-assessment of the tax by the county court.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Carrie Eisenstaedt, executrix under the last will and testament of Leopold Eisenstaedt, deceased, files this claim to recover an award as refund in the sum of $1,938.20.

The facts in the case are that Leopold Eisenstaedt, a resident of the City of Chicago, Cook County, Illinois, died in Chicago May 14, 1923, leaving a last will and testament dated

January 3, 1903, with a codicil thereto attached dated May 21, 1912, which said last will and testament and codicil were duly approved and admitted to record in the probate court of Cook County, Illinois, June 11, 1923, and letters testamentary were duly issued to petitioner as executrix and by an order duly entered of record in the county court of said county November 15, 1923; inheritance tax appraisement was duly approved and the cash value of the successions, interests, estates, legacies, transfers, gifts and property which the parties interested under the said will were entitled to receive by reason of the death of the decedent and fixed the amount of taxes to which the same was liable at the total sum of $3,399.05, and petitioner, as executrix as aforesaid, paid the sum of $3,229.10 in full of the inheritance taxes assessed, being the full amount thereof of $3,399.05 less the discount of 5% allowed by statute for the payment of said taxes, within six months from the date of the death of decedent.

The appraiser in fixing the inheritance tax overlooked said codicil and by a mistake of fact assessed the tax upon the basis of succession through the second and third clauses of said will instead of through the said codicil, and assessed Carrie Eisenstaedt, widow, upon the value of her widow's award and the value of a life estate in the remaining assets and assessed Carrie Eisenstaedt as trustee upon the entire remainder of the estate as though trustee, for the use and benefit of a niece or nephew of decedent.

By reason of the said mistake, the petitioner, under Section 25 of the Revenue act, became entitled to a re-assessment of the inheritance taxes as aforesaid and upon the 19th day of May, 1924, a petitioner secured an order through the said county court re-assessing said taxes, and by reason of entry of said order the amount of inheritance taxes which should be paid by the claimant is $1,358.84, less the 5% discount allowed by the statute, making a total sum which should be paid of $1,290.90.

The amount of inheritance tax actually paid to the county treasurer of Cook County by petitioner was $3,229.10, and the claimant, by reason of the reduction of said taxes, became entitled to a refund of $1,938.20, together with interest from November 14, 1923, at the rate of 3% per annum.

To all of this the Attorney General consents and agrees to an award in the sum claimed.

It is therefore the order of the court that the claimant be awarded the sum of $1,938.20, together with interest thereon at the rate of 3% per annum from November 14, 1923.